IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN OCHOA AND ROSE ELIZARDO-OCHOA | § § § | |
| v. | § § | C. A. No. 5:17-cv-787 |
| P.A.M. TRANSPORT, INC., P.A.M. LOGISTICS SERVICES, INC., P.A.M. TRANSPORTATION SERVICES, INC., P.A.M. TRANSPORT CORP., AND ADEN KARIYE A/K/A ADEN MOHAMED | § § § § § § | JURY DEMANDED |

**DEFENDANTS P.A.M. TRANSPORT, INC., P.A.M. LOGISTICS SERVICES, INC., AND P.A.M. TRANSPORTATION SERVICES, INC.'S NOTICE OF REMOVAL**

## A. INTRODUCTION

1. Plaintiffs are John Ochoa and Rose Elizardo-Ochoa; named defendants are P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., P.A.M. Transportation Services, Inc., P.A.M. Transport Corp. and Aden Mohamed (erroneously sued as Aden Kariye a/k/a Aden Mohamed).[1]

2. On June 8, 2017, plaintiff sued defendants, P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., P.A.M. Transportation Services, Inc., P.A.M. Transport Corp. and Aden Kariye a/k/a Aden Mohamed, for negligence in Cause No. 2017CI10535; *John Ochoa and Rose Elizardo-Ochoa v. P.A.M. Transport, Inc., et al.,* in the 407th Judicial District Court of Bexar County, Texas, damages in an unspecified amount [Ex. A-1, ¶ 1]. This action arises out of a motor vehicle collision that occurred on or about March 8, 2016 in Bexar County, Texas, in which a truck being driven by

---

[1] In this defendant's culture, personal names have the form of family name first followed by the given name. We will follow that convention here and we will sometimes refer to him as Mr. Aden.

Aden Mohamed was struck by a pickup truck being driven by plaintiff John Ochoa, with plaintiff Rose Elizardo-Ochoa riding as his passenger.

3. Defendant P.A.M. Transport, Inc. was served by certified mail through the Texas Secretary of State on July 28, 2017 [see Exhibit A-2 attached hereto].

4. Defendant P.A.M. Logistics Services, Inc. was served by certified mail through the Texas Secretary of State on July 28, 2017 [see Exhibit A-3 attached hereto].

5 Defendant P.A.M. Transportation Services, Inc. was served by certified mail through the Texas Secretary of State on July 27, 2017 [see Exhibit A-4 attached hereto].

6. Defendant P.A.M. Transport Corp. does not exist and therefore cannot be served. Plaintiff has sued and served a Texas corporation whose correct name is PAM Transport Corp. and whose registered agent is Luis Nunez [see Exhibit A-5]. That corporation and Mr. Nunez have no connection with P.A.M. Transport, Inc. or any if the other Arkansas P.A.M. entities, or with Aden Mohamed. In addition, the Texas entity named PAM Transport Corp. had no connection with the ownership or operation of the truck that was involved in the accident that gave rise to this action.

7. Defendant Aden Mohamed has not yet been served.

5. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). *Board of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## B.  BASIS FOR REMOVAL

6. **Complete Diversity of Citizenship.** Removal is proper because complete diversity exists between the parties, 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437

F.3d 894, 899-900 (9th Cir. 2006). When the plaintiffs filed their state-court petition and at the time that this petition for removal is being filed, the parties' citizenship was and is as follows:

- a. Both plaintiffs were are citizens of Texas and reside in Bexar County, Texas.

- b. Defendant P.A.M. Transport, Inc. is incorporated in Arkansas, with its principal place of business in Tontitown, Arkansas, and is therefore a citizen of Arkansas, 28 U.S.C. § 1332(c)(1).

- c. Defendant P.A.M. Logistics Services, Inc. is incorporated in Arkansas, with its principal place of business in Tontitown, Arkansas, and is therefore a citizen of Arkansas, 28 U.S.C. § 1332(c)(1).

- d. Defendant P.A.M. Transportation Services, Inc. is incorporated in Delaware, with its principal place of business in Tontitown, Arkansas, and is therefore a citizen of Delaware and Arkansas, 28 U.S.C. § 1332(c)(1).

- e. Defendant Aden Mohammed (erroneously sued as Aden Kariye a/k/a Aden Mohamed) is a citizen of Pennsylvania and resides in the city of Mechanicsburg, Pennsylvania.

- f. No entity with the name "P.A.M. Transport Corp. exists in connection with the operations of P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., or P.A.M. Transportation Services, Inc.  The Texas corporation formed as PAM Transport Corp. by Luis Nunez in El Paso, Texas has no connections whatsoever with any of the foregoing P.A.M. entities. Furthermore, it had no involvement with the ownership or operation of the truck being driven by Aden Mohamed and was not the employer of Aden Mohamed. [See the affidavit of Angela Clark, Associate V.P. Risk

Management of P.A.M. Transport, Inc., attached as Exhibit A-6, ¶¶ 3-10]. Consequently, this Texas company therefore has been improperly joined because it has no real connection with the controversy. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921), and the plaintiffs will be unable to establish a cause of action against this Texas corporation in a Texas court, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003).

7.  **Amount in Controversy.** In their Original Petition, the plaintiffs did not plead a specific amount of damages sought and they did not state one of the categories of relief required by Texas Rule of Civil Procedure 47. When a plaintiff does not allege a specific dollar amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, which may be done either by (1) a showing that it is facially apparent from the petition that the jurisdiction requirement is met, or (2) summary-judgment-type evidence setting forth facts that support a finding of the required amount. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). It is facially apparent from the plaintiffs' petition that the plaintiffs' claims are likely to be more than $75,000.

    a.  The plaintiffs pleaded that discovery was to be conducted under Level 3 pursuant to Texas Rule of Civil Procedure 193.4 [Ex. A-1, ¶ 1], and that allegation establishes that the plaintiffs are seeking more than $75,000 in damages. Texas Rule 47 established five categories of damages to be pleaded:

    > (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
    > (2) monetary relief of $100,000 or less and non-monetary relief; or
    > (3) monetary relief over $100,000 but not more than $200,000; or
    > (4) monetary relief over $200,000 but not more than $1,000,000; or

(5) monetary relief over $1,000,000

TEX. R. CIV. P. 47(c). In Texas Rule of Civil Procedure 169, the Texas Supreme Court implemented the expedited action created by the Texas Legislature, providing that expedited actions are those in which the plaintiff seeks "only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." TEX. R. CIV. P. 169(a)(1). Pursuant to Texas Rule 190.2, expedited actions are to be governed by Discovery Level 1, TEX. R. CIV. P. 190.2(a)(1). By pleading discovery level 3 rather than discovery level 1, Plaintiffs have implicitly pleaded that they are seeking damages in excess of $100,000. Consequently, it is facially apparent from Plaintiff's petition that the amount in controversy exceeds the $75,000.00 amount that is required, excluding interest and costs, for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-515 (7th Cir. 2006).

    b.    In addition to the foregoing, the plaintiffs have pleaded that they have suffered serious physical injuries:

> 10. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for [their] entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout her {*sic*} body for a long time into the future, if not for the balance of their natural life. As a result of the nature and consequences of her injuries, the Plaintiffs suffered great physical and mental pain, suffering, and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural life.

[Ex. A-1, ¶ 10, pp. 5-6]. As a result of these injuries, Plaintiffs are seeking the following damages:

> 12.   The conduct of Defendants has proximately caused damages far in excess of the minimum jurisdictional limits of this Court, including the following:
> a.   Physical pain and mental suffering in the past;
> b.   Physical pain and mental suffering in the future;
> c.   Loss of earning capacity in the past;
> d.   Loss of earning capacity in the future;
> e.   Past medical care expenses;
> f.   Future medical care expenses;
> g.   Physical impairment in the past;
> h.   Physical impairment in the future;
> il.  Physical disfigurement in the past;
> j.   Physical disfigurement in the future; and
> k.   Exemplary/punitive damages.

[Ex. A-1, ¶12, p. 6]. Plaintiff's alleged injuries and the damages they seek support the conclusion that they are seeking damages in excess of $75,000.

7.   No other defendants have been named or served with plaintiff's petition and all defendants that have been served do consent to this removal.

8.   Copies of all process, pleadings, orders, and other filings in the state-court suit, except for discovery requests, are attached as Exhibit A to this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81.

9.   Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court in which the suit has been pending is located in this district and division, 28 U.S.C. § 124(b)(2).

10.   Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. Jury Demand

11.   Defendant demands a jury trial in this court.

## D. CONCLUSION

12. For these reasons, Defendants, P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., and P.A.M. Transportation Services, Inc., respectfully ask the court to remove the suit to the United States District Court for the Southern District of Texas, Houston Division.

13. In addition, Defendants, P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., and P.A.M. Transportation Services, Inc., respectfully ask the court to dismiss PAM Transport Corp. (misnamed as P.A.M. Transport Corp.) because it has been improperly joined.

Respectfully submitted,

**ELLINGTON & ASSOCIATES**

   s/ Owen H. Ellington
Owen H. Ellington
State Bar No. 06534001
Fed ID No. 9926
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Tel:  (832) 500-4635
Fax:  (832) 999-4016
E-mail: oellington@ellingtonlaw.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANTS, P.A.M. TRANSPORT, INC.,**
**P.A.M. LOGISTICS SERVICES, INC., AND**
**P.A.M. TRANSPORTATION SERVICES, INC.**

**OF COUNSEL:**
ELLINGTON & ASSOCIATES
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Tel: (832) 500-4635
Fax: (832) 999-4016

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was sent to the following counsel of record by first-class mail and facsimile on this the   18th   day of August, 2017:

Thomas J. Henry
James F. Martin
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401

                  s/ Owen H. Ellington
              Owen H. Ellington