UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN OCHOA AND ROSE ELIZARDO-OCHOA,<br><br>*Plaintiffs*,<br><br>v.<br><br>P.A.M. TRANSPORT, INC., P.A.M. LOGISTICS SERVICES, INC., P.A.M. TRANSPORTATION SERVICES, INC., P.A.M. CARTAGE CARRIERS, LLC, AND ADEN KARIYE A/K/A ADEN MOHAMED,<br><br>*Defendants*. | Civil Action No.  SA-17-CV-787-XR |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court hereby GRANTS Defendants P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., and P.A.M. Transportation Services, Inc.'s (the "moving Defendants") Motion to Dismiss for Improper Joinder. Docket no. 35.

## BACKGROUND

On August 18, 2017, Defendants removed this action that arose out of a motor-vehicle accident pursuant to 28 U.S.C. § 1332. Docket no. 1. On January 2, 2018, Plaintiffs John Ochoa and Rose Elizardo-Ochoa filed their Amended Complaint. Docket no. 24.

Plaintiffs allege that on March 8, 2016, Defendant Aden Mohamed, while driving a 2006 Freightliner in San Antonio, Texas, negligently failed to yield to oncoming traffic at a stoplight, made a left turn, and crashed into the front side of Plaintiffs' vehicle. *Id.* at 3. Plaintiffs allege they suffered severe and permanent injuries and damages as a result of the accident. *Id.* Plaintiffs

named the moving Defendants, as well as P.A.M. Cartage Carriers, LLC,[1] as Defendants in the case, alleging that Mohamed was working in the course and scope of his employment with and as an agent of these different P.A.M. entities. *Id.* Plaintiffs bring negligence claims against Mohamed and claims against the P.A.M. entities for vicarious liability under *respondeat superior*; negligent entrustment; negligent hiring, training, monitoring, and supervision; and gross negligence. *Id.* at 4–6.

The moving Defendants filed their motion to dismiss, arguing that they should be dismissed pursuant to Federal Rule of Civil Procedure 21 because they have no connection with the motor-vehicle accident from which this action arises. In the alternative, the moving Defendants argue the Court should grant them summary judgment on Plaintiffs' claims. Plaintiffs did not respond to the moving Defendants' motion.

## ANALYSIS

The moving Defendants argue that they should be dismissed from the case because they have no connection with the motor-vehicle accident between Plaintiffs and Mohamed. Although misjoinder of parties "is not a ground of dismissing an action," a "court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Because Rule 21 does not provide a standard to determine if a party is misjoined, courts look to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Although Rule 20 relates to the joinder of a party, the analysis of Rule 20 is also useful when considering whether to "drop a party" from a case or not. Under Rule 20, courts use a two-prong test, allowing joinder of a plaintiff when "(1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least

---

[1] Defendant P.A.M. Cartage Carriers, LLC did not join the motion to dismiss.

one common question of law or fact linking all claims." *Id.* Other courts have held that under Rule 21, a court may "add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation," *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003), and can "exercise its discretion to 'drop a party from a lawsuit *sua sponte* whose presence no longer [a]ffects the issues being litigated.'" *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008).

The moving Defendants argue that they "had no involvement in the operation of the truck that was driven by Defendant Aden Mohamed and none of them had any employment relationship with Aden Mohamed, whether as an employee or as an independent contractor." Docket no. 35 at 5. The moving Defendants further state that they were not acting as a motor carrier with respect to the load that Mohamed was hauling at the time of the accident. *Id.* These claims are supported by the filed affidavit of Micki Zulpo, the Risk Department Insurance Claims Manager of non-moving Defendant P.A.M. Cartage Carriers, LLC, who states that the truck Mohamed was driving at the time of the accident was owned by another individual, Sharmarke Bare Abdi, whose truck was leased to P.A.M. Cartage Carriers, LLC. Docket no. 35-1. Zulpo states that the moving Defendants are separate legal entities from P.A.M. Cartage Carriers, LLC. *Id.* The moving Defendants' claims are substantiated by the filed affidavit of Angela Clark, the Associate Vice President for Risk Management of P.A.M. Transportation Services, Inc. Docket no. 35-2.

Based on the moving Defendants' arguments and evidence, the Court finds that the moving Defendants have no connection to Mohamed or the ownership or operation of the truck

he was driving at the time of the accident. The Court further finds that removing the moving Defendants from this case serves the ends of justice because it promotes prompt and efficient disposition of this case and the moving Defendants' absence will not affect the issues being litigated. Further, Plaintiffs did not respond to Defendants' motion with any arguments as to why they should not be dismissed from the case. Finally, dismissal of the moving Defendants from this case will not dismiss Plaintiffs' action. Plaintiffs still have claims against Defendants Mohamed and P.A.M. Cartage Carriers, LLC. Thus, the Court exercises its discretion to dismiss the moving Defendants.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the moving Defendants' Motion to Dismiss for Improper Joinder. Docket no. 35. Plaintiffs' claims against Defendants P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., and P.A.M. Transportation Services, Inc. are hereby DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 15th day of August, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE