# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN OCHOA and ROSE ELIZARDO-OCHOA,<br><br>*Plaintiffs*,<br><br>v.<br><br>P.A.M. CARTAGE CARRIERS, LLC, P.A.M. TRANSPORT, INC., P.A.M. LOGISTIC SERVICES, INC., P.A.M. TRANSPORT CORP., and ADEN KARIYE A/K/A ADEN MOHAMED,<br><br>*Defendants*, | § § § § § § § § § § § § § § § § | Civil Action No. 5:17-CV-787-XR |

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

On this date, the Court considered Defendants' motions for partial summary judgment (docket nos. 42, 43, 44), Plaintiffs' motion for summary judgment on Defendants' affirmative defenses (docket no. 45), and Defendants' response to Plaintiffs' motion (docket no. 48). Plaintiffs did not respond to any of Defendants' motions. After careful consideration, the Court GRANTS Defendants' motions and DENIES Plaintiffs' motion.

## BACKGROUND

This case stems from a March 8, 2016, automobile collision between the Plaintiffs and Defendant Mohamed Aden. At the time of the accident, Aden allegedly drove a truck owned or leased by Defendants P.A.M. Cargage Carriers, LLC ("PCC") and allegedly acted within the course and scope of his employment with PCC. Docket no. 24 at 3. This collision allegedly injured Plaintiffs John Ochoa and Rose Elizardo-Ochoa. *Id.* Plaintiffs allege Aden negligently

1

failed to yield to oncoming traffic at a stoplight, made a left turn, and crashed into the front side of Plaintiffs' vehicle. *Id.* The responding officer assigned the fault to Aden.

On June 8, 2017, Plaintiffs filed their Original Petition in the 407th Judicial District Court of Bexar County, Texas. Docket no. 1-1. Defendants removed to this Court on August 18. Docket no. 1. Plaintiffs filed their Amended Complaint on January 2, 2018. Docket no. 24. On August 15, the Court dismissed defendants P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc., and P.A.M. Transportation Services, Inc. Docket no. 39. Defendants PCC and Aden remain.

Plaintiffs allege causes of action against Aden for negligence, negligence *per se*, and gross negligence. Docket no. 24. As to negligence, they allege he failed to keep a proper lookout, timely brake, turn the vehicle, maintain a safe speed, yield the right of way, obey a traffic control device, or maintain an assured clear distance. *Id.* at 4. As to negligence *per se*, they allege Aden's violations of Texas Transportation Code provisions related to speeding and yielding constitute negligence *per se. Id.* at 4-5. As to gross negligence, they allege Aden's conduct "involved an extreme degree of risk, considering the probability and magnitude of the potential harm[.]" *Id.* at 6. Plaintiffs allege causes of action against PCC for negligent entrustment; negligent hiring; negligent training, monitoring, and supervision; and gross negligence. They also allege PCC is vicariously liable for Aden's negligence under a *respondeat superior* theory. *Id.*

In the four motions before the Court, Defendants seek summary judgment on Plaintiffs' gross negligence and negligence *per se* claims, while Plaintiffs seek summary judgment on some of Defendants' affirmative defenses. Taken together, Defendants' motions attack all but Plaintiffs' claims for Aden's negligence and PCC's vicarious liability for Aden's negligence.

# DISCUSSION

## I. Standard of Review

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable

to the non-moving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**II.   Application**

Plaintiffs bring claims against PCC for vicarious liability for Aden's alleged negligence; negligent entrustment of the truck Aden drove; negligent hiring, training, monitoring, and supervision of Aden; negligence *per* se; and gross negligence. Plaintiffs bring claims against Aden for negligence, negligence *per se,* and gross negligence. PCC moves for summary judgment on the negligent entrustment, hiring, training, monitoring, and supervision claims. Docket no. 42. Aden moves for summary judgment on the gross negligence claim. Docket no. 43. PCC and Aden move for summary judgment on the negligence *per se* claims. Docket no. 44. For clarity, because defendants chose to file three separate motions, the Court will consider those motions in the order filed. Finally, to the extent applicable based on which claims survive, the Court will consider Plaintiffs' motion for summary judgment on Defendants' affirmative defenses. Docket no. 45.

**A.  Plaintiffs' Negligent Entrustment and Negligent Hiring Claims Fail**

Plaintiffs bring claims against PCC for "failing to hire qualified drivers," "failing to entrust vehicles to qualified drivers," and "failing to properly train, monitor, and supervise its drivers to be safe." Docket no. 24 at 5. PCC argues these claims fail because the summary judgment evidence shows that it investigated Aden's qualifications thoroughly (and this investigation revealed no information suggesting Aden drives incompetently or unsafely) and that, after hiring, PCC trained and supervised Aden extensively. Docket no. 42 at 2. Plaintiffs did not respond.

i. **Negligent Hiring, Training, Monitoring, and Supervision**

Under Texas law, negligent hiring, retention, and supervision claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability. *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016) (citing *Guidry v. Nat'l Freight, Inc*., 944 S.W.2d 807, 810 (Tex. App.—Austin 1997, no writ). Like all simple negligence claims, the elements are duty, breach, and damages proximately caused by the breach. *Id.* A plaintiff can recover for "negligent hiring and supervision in cases where the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Garcia v. Hospice of El Paso*, 2003 WL 21961177 at *5 (W.D. Tex. 2003) (citing *Wise v. Complete Staffing Services, Inc*., 56 S.W.3d 900, 902 (Tex. App.—Texarkana 2001, no pet.)). "Texas has long recognized an employer's duty to make inquiry into the competence and qualifications of those considered for employment, and an employer may be guilty for negligently hiring an incompetent employee and thus be held liable for damages." *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 803 (N.D. Tex. 2003) (citing *Arrington v. Fields*, 578 S.W.2d 173, 179 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).

"In light of these principles, and in order to promote safety and prevent motor vehicle accidents, a motor carrier has a duty to take steps to prevent injury to the driving public by determining whether an applicant to drive one of its trucks is competent and qualified." *Phillips*, 189 F. Supp. 3d at 648 (citing *Morris v. JTM Materials, Inc*., 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). "To avoid a negligent hiring or entrustment claim, employers should make

a proper investigation into an employee's past." *Id.* (citing *Parker v. Fox Vacuum, Inc.*, 732 S.W.2d 722, 723 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.).

Here, the summary judgment evidence reveals the following about Aden's hiring, training, and supervision:

- PCC verified that Aden had a valid commercial driver's license (CDL), had completed a CDL driving course that included behind-the wheel training, and was medically certified to drive a commercial motor vehicle. Docket nos. 42 at 12.

- PCC reviewed Aden's driving record, driving history with a previous employer, and employment records with two previous motor carriers. *Id.* These records showed no driving accidents or violations and no drug or alcohol violations. *Id.*

- PCC reviewed Aden's record on file with the Federal Motor Carrier Safety Administration, which revealed only one non-moving violation. *Id.* This violation resulted from an inspection related to a "retroreflective material requirement for the vehicle he was driving." *Id.*

- After hiring Aden, PCC required him to pass a road test, gave him copies of handbooks and policies, showed him video instruction programs, and instructed him on PCC termination policies. *Id.* at 13-14.

- PCC monitored Aden's activities using GPS location, electronic logs, and Qualcomm satellite communications. *Id.* at 15. When he was involved in a "low-speed, minor collision" on January 20, 2016, Aden was "promptly counseled on dry space management, visual search, and hazard awareness, was placed on 90-day probation, and was required to complete the Pro-Tread course on Hazard Awareness." *Id.*

On this record, no reasonable factfinder could find that PCC breached its duty to take steps to protect the public by determining its drivers are competent and qualified or that PCC's hiring or training practices proximately caused Plaintiffs' injuries. There is thus no triable fact issue as to Plaintiffs' negligent hiring, training, monitoring, or supervision claims. Because PCC has met its summary judgment burden by pointing out that insufficient evidence supports key elements of these claims, the burden shifts to Plaintiffs to show summary judgment is inappropriate. Plaintiff did not respond, and thus no evidence now before the Court raises a genuine fact issue on Aden's hiring and training. Summary judgment on these claims is granted.

### i. Negligent Entrustment

Under Texas law, a negligent entrustment claim requires a "showing of (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). "The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 48 (Tex. App. 2001).

Here, the summary judgment evidence shows Aden had a valid CDL when hired and at the time of the accident at issue. Docket no. 42 at 17. As Plaintiffs did not respond, there is no evidence in the record that controverts this evidence of Aden's competency. Thus, the Court grants summary judgment on Plaintiffs' negligent entrustment claim.

### B. Plaintiffs' Gross Negligence Claim Fails

Plaintiffs bring a gross negligence claim against Aden. Aden argues summary judgment is warranted because Plaintiffs cannot provide the necessary clear and convincing evidence to establish a gross negligence claim. Docket no. 43. Plaintiffs did not respond.

To recover exemplary damages under Texas law, a plaintiff must "prove[] by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence" TEX. CIV. PRAC. & REM. CODE § 41.003(a). "Clear and convincing" evidence requires "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 41.001(2). In this context, "gross negligence" means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id*. § 41.001(11).

To meet the objective element, the plaintiff must show that the defendant's act or omission involved "an extreme degree of risk," which means "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Dillard Dep't Stores, Inc. v. Silva*, 148 S.W.3d 370, 374 (Tex. 2004) (internal quotation omitted). To meet the subjective element, the plaintiff must show that the "defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 171-72 (Tex. 2005) (internal quotation and footnote omitted). Evidence of simple negligence does not meet either the subjective or objective

elements. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "[F]ailure to pursue the safest course available or provide the best warnings imaginable does not necessarily equate to a want of caring[,]" nor "does the violation of a law or regulation inescapably evince conscious indifference." *Agrium U.S., Inc. v. Clark*, 179 S.W.3d 765, 767 (Tex. App.—Amarillo 2005, no pet.). "High and excessive speed is mere ordinary negligence and not gross negligence, insufficient in and of itself to raise the issue of gross negligence." *Farney v. Herr*, 358 S.W.2d 758, 760 (Tex. Civ. App.—Fort Worth, 1962)

Here, Plaintiffs' pleadings state only that Aden failed to yield to oncoming traffic at a stoplight. These alleged facts do not indicate conscious indifference. This conduct might give rise to a negligence claim, but it does not rise to the level of gross negligence, and Plaintiffs produce no evidence at summary judgment that indicates otherwise.

Although it is unclear from the pleadings, to the extent Plaintiffs allege PCC was grossly negligent for its hiring or entrustment of Aden, summary judgment is also granted as to that claim. "[A] finding of ordinary negligence is a prerequisite to a finding of gross negligence," *Ogunbanjo v. Don McGill of W. Houston, Ltd.*, 2014 WL 298037, at *4 (Tex. App.—Houston [1st Dist.] Jan. 28, 2014), and, as stated above, Plaintiffs' negligent entrustment and negligent hiring claims fail. Thus, the Court grant's summary judgment for both Defendants on Plaintiffs' gross negligence claim.

### C. Plaintiffs' Negligence *Per Se* Claim Fails

Plaintiffs allege Aden's negligence "amounts to negligence *per se* because his negligence included violating laws[.]" Docket no. 24 at 4. Aden argues summary judgment is warranted on these claims because none of the cited traffic laws can support a negligence *per se* claim under Texas law.

9

"Negligence *per se* is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person." *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied). "To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Id.* If a "statute incorporates the ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of care." *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied). "Texas courts have previously held that a statute that requires a driver proceed safely imposes on the driver a duty of reasonable care, thus precluding a negligence *per se* instruction." *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998).

Plaintiffs identify three provisions of the Texas Transportation Code that Aden allegedly violated. Courts have previously held that the first two incorporate an ordinary standard of care. The first, Section 545.351(a)(1)-(2), states "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle . . . ." In *Sanchez v. Swift Transportation Co. of Arizona, LLC*, a court in this District held that this statute incorporates the ordinary negligence standard of care. 2017 WL 5654909, at *2-3 (W.D. Tex. May 30, 2017) (citing *Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App.—Beaumont 2007)).

The second, Section 545.152, states that "[t]o turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is

approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." The Southern District of Texas held that "the standard of care codified in § 545.152" meant defendants were "charged with the duty to exercise care in determining whether to yield the right of way" but "this did not establish an absolute standard of conduct, the violation of which constitutes negligence *per se*." *Powell v. Keeley*, 795 F. Supp. 2d 587, 594 (S.D. Tex. 2011) (citing *Waring v. Wommack*, 945 S.W.2d 889, 891 (Tex. App.—Austin 1997, no writ)). Instead, plaintiffs still must show defendants "failed to act as a reasonably prudent person under the circumstances existing at the time of the accident." *Id*. In *Fret v. Melton Truck Lines, Inc.*, this Court adopted this approach and held that this statute "imposes a reasonableness standard and does not permit the survival of a negligence *per se* claim as a matter of law." 2016 WL 10590158, at *3 (W.D. Tex. Nov. 29, 2016) (reversed on other grounds) (citing *Powell* and *Waring*). Thus, neither of the first two cited provisions supports a viable negligence *per se* claim.

No court has decided whether the third provision at issue, Section 544.007, can support a negligence *per se* claim. Section 544.007, in relevant part, states:

> (b) An operator of a vehicle facing a circular green signal may proceed straight or turn right or left unless a sign prohibits the turn. The operator shall yield the right-of-way to other vehicles and to pedestrians lawfully in the intersection or an adjacent crosswalk when the signal is exhibited.
> (c) An operator of a vehicle facing a green arrow signal, displayed alone or with another signal, may cautiously enter the intersection to move in the direction permitted by the arrow or other indication shown simultaneously. The operator shall yield the right-of-way to a pedestrian lawfully in an adjacent crosswalk and other traffic lawfully using the intersection.

TEX. TRANS. CODE § 544.007.

Aden argues that the treatment applied to Section 545.152 should also apply to Section 544.007. Docket no. 44 at 8. The Court agrees. As Aden notes, both statutes "require a driver to

yield the right-of-way to other vehicles when turning at an intersection" but Section 545.152 "applies whether or not the intersection is controlled with a traffic signal" while Section 544.007 applies to "intersection controlled by traffic signals." *Id.* This statute, structured similarly to a provision already held not to establish a special standard of care (Section 545.152), includes no language that can be read as establishing a special standard of care. Thus, none of the statutes cited by Plaintiffs can support a negligence *per se* claim and summary judgment is granted.

### D. Plaintiffs' Negligence Claim Survives

No summary judgment motion now before the Court challenges Plaintiffs' claims for Aden's simple negligence or PCC's vicarious liability for Aden's negligence. Thus, the Court now considers Plaintiffs' no-evidence summary judgment motion on the Defendants' affirmative defenses. Defendants' defenses challenged here are pre-existing injury, comparative negligence, "unavoidable accident," and "new and independent cause." Docket no. 45. Plaintiffs argue that no evidence supports these defenses. *Id.*

#### i. Pre-existing Injury

Defendants assert in their answer that Plaintiffs' alleged injuries were pre-existing injuries unrelated to the accident. Docket no. 28 at 4. To survive summary judgment on this defense, Defendants advance the expert report of Dr. Linda Anne Hayman. Docket no. 48 at 5. Dr. Hayman reviewed John Ochoa's medical records and noted that he had experienced low back problems in the past. *Id.* Dr. Hayman concluded that John Ochoa's post-accident medical condition is solely the result of normal degenerative changes[.]" *Id.* Similarly, Dr. Hayman reviewed Rose Elizado-Ochoa's medical records and concluded that her shoulder pain was an "inherited condition" that "[i]n all medical probability . . . predated the accident[.]" *Id.* at 7. From

these reports, the Court concludes that genuine fact issues preclude summary judgment on this defense.

### ii. Comparative or Contributory Negligence

Defendants assert in their answer that "Plaintiffs failed to exercise that degree of care exercises by ordinarily prudent persons under the same or similar circumstances, and this failure proximately caused or contributed to cause the accident[.]" Docket no. 28 at 4. To survive summary judgment on this defense, Defendants advance photographs of the accident site and the conflicting deposition testimony of Aden and John Ochoa. Docket no. 48 at 8-10. Taken together, Defendants argue that "[i]f all doubts are resolved and all reasonable inferences are made in defendant's favor a fair-minded juror could reasonably conclude as follows:"

> (a) Mohamed Aden entered the intersection legally and was making a left turn with a green left-turn arrow, (b) Mohamed Aden was in the process of making his turn when the light for oncoming traffic turned green, (c) John Ochoa may have had a green light, but he could not see Mohamed Aden's truck as it was moving into the intersection because of a vehicle ahead of him in the lane to his left, and (d) John Ochoa proceeded into the intersection even though he could not see any vehicles that may have been turning left across his path, which in turn could lead to the conclusion that John Ochoa was driving too fast for those circumstances.

*Id.* at 10-11. Summary judgment on this defense is denied; at this stage there are genuine fact issues on Plaintiffs' comparative negligence.

### iii. Unavoidable Accident

Defendants assert in their answer that the accident "was not the fault of either party to it and hence was 'unavoidable' as that term is known in law." Docket no. 28 at 4. An unavoidable accident is "an event not proximately caused by the negligence of any party to it." *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995). Unavoidable accident is an inferential rebuttal defense that may "be submitted to the jury as an explanatory instruction or definition, rather than in a special issue." *Sanchez v. Swift Transportation Co. of Arizona, LLC*, No. 15-CV-00015-RAJ,

2016 WL 10587697, at *3 (W.D. Tex. Oct. 4, 2016) (citing *McDonald Transit, Inc. v. Moore*, 565 S.W.2d 43, 44 (Tex. 1978)). The *Sanchez* court found that consideration of unavoidable accident at summary judgment was "premature," as the inferential rebuttal defense of unavoidable accident "should be considered by the trial judge at the close of evidence." *Id.* Adopting this reasoning, this Court denies Plaintiffs' summary judgment motion on this defense.

### iv. New and Independent Cause

Defendants assert that the accident "was not caused by the actions or inactions on the part of the Defendant, but rather was caused by a new and independent cause, not reasonably foreseeable, which destroyed the causal connection, if any, between the act and omission inquired about in the occurrence in question." Docket no. 28 at 4. "A new and independent cause is one that intervenes between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause." *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006). It is another of several inferential rebuttal defenses that "operate[] to rebut an essential element of the plaintiff's case by proof of other facts." *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 430 (Tex. 2005). Defendants' response did not advance evidence to support this defense. Because it is an inferential rebuttal, however, the Court will consider it when raised at trial.

Thus, given the need to draw reasonable inferences in the non-movant's favor, Defendants have presented enough evidence at this stage to render summary judgment inappropriate on Defendants' pre-existing injury and comparative negligence defenses. The Court will consider Defendants' "new and independent cause" and "unavoidable accident" inferential rebuttals later. Accordingly, Plaintiffs' motion is denied.

## CONCLUSION

Defendants' summary judgment motions (docket nos. 42, 43, 44) are GRANTED. Accordingly, only Plaintiffs' claim for Defendant Mohamed Aden's negligence and Defendant PCC's vicarious liability for Aden's negligence remain. Further, Plaintiffs' summary judgment motion (docket no. 45) is DENIED. Defendants' affirmative defenses and inferential rebuttals remain.

It is so ORDERED.

SIGNED this 29th day of January, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE